| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Cassandra | Marie | Stubbs |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | | | |
| Case number | 22-52425 | | |
| (if known) | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ■ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ■ Not Incuded |

Debtor  Cassandra Marie Stubbs                                              Case number 22-52425

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

§ 2.1  **Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:  ☒ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____$525.00_ per __month__ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

Check if applicable.

☐ The amount of the Regular Payment will change as follows (If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
|  | _____ per ___week |  |

§ 2.2  **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

Check all that apply.

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3  **Income tax refunds.**

Check one.

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _2022-2024_____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

§ 2.4  **Additional Payments.**

Check one.

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☒ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below. Describe the source, estimated amount, and date of each anticipated payment.

Debtor will pay proceeds from her personal injury claim in excess of $10,000.00 into her Chapter 13 case.

§ 2.5  **[Intentionally omitted.]**

§ 2.6  **Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor  Cassandra Marie Stubbs  Case number  22-52425

## Part 3: Treatment of Secured Claims

### § 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Flagstar | Residence<br>315 Milton Drive<br>Covington, GA 30015 | $0.00 | 0 % | $0.00 |

### § 3.2 Request for valuation of security and modification of certain undersecured claims.

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### § 3.3 Secured claims to be paid in full.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### § 3.4 Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Cassandra Marie Stubbs                               Case number  22-52425

| Part 4: | Treatment of Fees and Priority Claims |

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 2,500.00 .  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 200.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,500.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,500.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| + | | | | |
| − | | | | |

■ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| + | | |
| − | Internal Revenue Service | $8,000.00 |
| − | Georgia Department of Revenue | $4,680.00 |

Debtor  Cassandra Marie Stubbs                                   Case number  22-52425

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $ 7,320.00  and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor  Cassandra Marie Stubbs                              Case number  22-52425

### Part 9: Signatures

#### § 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✘ /s/ Cassandra Marie Stubbs
Signature of debtor 1 executed on  05 / 16 / 2022
                                    MM / DD / YYYY

315 Milton Drive, Covington, GA 30015
Address                             City, State, ZIP code

✘ /s/ Jason T. Braswell, Gar Bar # 078373
Signature of attorney for debtor(s)

Morgan & Morgan, Attorneys At Law, P.C.
Firm

✘ 
Signature of debtor 2 executed on
                                    MM / DD / YYYY

Address                             City, State, ZIP code

Date: 05 / 16 / 2022
       MM / DD / YYYY

1090 Founders Blvd., Suite C, Athens, Georgia 30606
Address                             City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

STATE OF GEORGIA
COUNTY OF NEWTON

## VERIFICATION

I, Cassandra Marie Stubbs, Debtor in the above-styled case, certify that the above Amendment is true and correct to the best of my knowledge.

/s/ Cassandra Marie Stubbs
Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| | * | CONVERTING TO CHAPTER 13 |
| CASSANDRA MARIE STUBBS, | * | CASE NO. 22-52425-SMS |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed Chapter 13 Plan using the Bankruptcy Electronic Case Filing program, which sends a notice of this Document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Jason T. Braswell**     jason@morganlawyers.com, lisa@morganlawyers.com;tonya@morganlawyers.com;stacey@morganlawyers.com;susan@morganlawyers.com;julie@morganlawyers.com;rachel@morganlawyers.com

**Lisa F. Caplan**     lcaplan@rlselaw.com, nbrown@rlselaw.com;akhosla@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com;abricker@rlselaw.com

**S. Gregory Hays**     ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com
**Office of the United States Trustee**     ustpregion21.at.ecf@usdoj.gov

I further certify that on this day I caused a copy of the document to be served via United States First Class Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Cassandra Marie Stubbs
315 Milton Drive
Covington, GA 30016

-1-

All Creditors as Shown Attached

Dated: May 16, 2022

MORGAN & MORGAN  
Attorney at Law, P.C.

/s/ Jason T. Braswell  
Attorney for Debtor  
State Bar No. 078373  
1090-C Founders Blvd.  
Athens, Georgia 30606  
706-548-7070  
jason@morganlawyers.com

```
Label Matrix for local noticing      BMW Bank of North America           (p)BMW FINANCIAL SERVICES
113E-1                               4515 N Santa Fe Ave. Dept. APS      CUSTOMER SERVICE CENTER
Case 22-52425-sms                    Oklahoma City, OK 73118-7901        PO BOX 3608
Northern District of Georgia                                             DUBLIN OH 43016-0306
Atlanta
Mon May 16 10:00:33 EDT 2022

Bank of America                      Barclays Bank Delware               Jason T. Braswell
P.O. Box 982238                      P.O. Box 8803                       Morgan & Morgan, Attorneys at Law, PC
El Paso, TX 79998-2238               Wilmington, DE 19899-8803           1090-C Founders Blvd.
                                                                         Athens, GA 30606-6163

Bread                                CBNA                                Cancer Treatment Center Atl
P.O. Box 783186                      P.O. Box 6497                       Southeastern Regional Medical
Philadelphia, PA 19178-3186          Sioux Falls, SD 57117-6497          62680 Collections Center Drive
                                                                         Chicago, IL 60693-0001

Lisa F. Caplan                       Comenity Bank/PALSRYL               Department of Ed/Nelnet
Rubin Lublin, LLC                    P.O. Box 182125                     P.O. Box 82561
Suite 100                            Columbus, OH 43218-2125             Lincoln, NE 68501-2561
3145 Avalon Ridge Place
Peachtree Corners, GA 30071-1570

Discover Financial                   Enclave at Grosslake                (p)FIRST NATIONAL BANK OF OMAHA
Attn: Bankruptcy Department          P.O. Box 83125                      1620 DODGE ST
P.O. Box 3025                        Conyers, GA 30013-8016              STOP CODE 3129
New Albany, OH 43054-3025                                                OMAHA NE 68102-1593

Flagstar Bank                        (p)GEORGIA DEPARTMENT OF REVENUE    S. Gregory Hays
5151 Corporate Drive                 COMPLIANCE DIVISION                 Hays Financial Consulting, LLC
Troy, MI 48098-2639                  ARCS BANKRUPTCY                     Suite 555
                                     1800 CENTURY BLVD NE SUITE 9100    2964 Peachtree Road
                                     ATLANTA GA 30345-3202               Atlanta, GA 30305-4909

Internal Revenue Service             (p)JPMORGAN CHASE BANK N A          Nelnet Loans
401 W. Peachtree Street, Room        BANKRUPTCY MAIL INTAKE TEAM         P.O. Box 82505
STOP 334-D                           700 KANSAS LANE FLOOR 01            Lincoln, NE 68501-2505
Atlanta, GA 30308-3518               MONROE LA 71203-4774

Office of the United States Trustee  Rooms To Go                         Cassandra Marie Stubbs
362 Richard Russell Building         P.O. Box 28102                      315 Milton Drive
75 Ted Turner Drive, SW              Miami, FL 33102-8102                Covington, GA 30016-8588
Atlanta, GA 30303-3315

SunCoast Credit Union                The Home Depot                      Tractor Supply
P.O. Box 11904                       PO Box 6497                         P.O. Box 6497
Tampa, FL 33680-1904                 Sioux Falls, SD 57117-6497          Sioux Falls, SD 57117-6497

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BMW Financial Services
P.O. Box 3608
Dublin, OH 43016

(d)Bank of America
P.O.Box 982235
El Paso, TX 79998-2235

First National Bank of Omaha
Attn: Bankruptcy
P.O. Box 3128
Omaha, NE 68103

Georgia Department of Revenue
1800 Century Boulevard, NE
Suite 9100
Atlanta, GA 30345

JP Morgan Chase
Attention Bankruptcy
P.O. Box 15298
Wilmington, DE 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Flagstar Bank, FSB as servicer for Lakevie

(u)Lakeview Loan Servicing, LLC

End of Label Matrix
Mailable recipients    27
Bypassed recipients     2
Total                  29